**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Laurence Siegal, *on behalf of himself* ) | | |
| *and others similarly situated*, ) | | |
| ) | | |
| Plaintiff, ) | Case No: 19-cv-5489 | |
| ) | | |
| v. ) | CLASS ACTION COMPLAINT | |
| ) | | |
| Harris & Harris, Ltd., ) | | |
| ) | Jury Trial Demanded | |
| ) | | |
| Defendant. ) | | |
| _____ ) | | |

Laurence Siegal ("Plaintiff"), individually and on behalf of others similarly situated, alleges

on personal knowledge, investigation of his counsel, and information and belief, as follows:

**Nature of this Action**

1.      Plaintiff brings this class action against Harris & Harris, Ltd. ("Defendant") under the

Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Fair Debt Collection

Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

2.      Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated

telephone equipment, and provides in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the
> United States if the recipient is within the United States—
>
> (A)      to make any call (other than a call made for emergency purposes or made
>          with the prior express consent of the called party) using any automatic
>          telephone dialing system or an artificial or prerecorded voice—
>
>                                          *****
>
> (iii)    to any telephone number assigned to a paging service, cellular telephone
>          service, specialized mobile radio service, or other radio common carrier
>          service, or any service for which the called party is charged for the call,

1

unless such call is made solely to collect a debt owed to or guaranteed by the United States[.]

3.      Section 1692d of the FDCPA provides, in pertinent part:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. . .

4.      Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system and an artificial or prerecorded voice to place, or cause to be placed, non-emergency calls to telephone numbers assigned to a cellular telephone service, without prior express consent, in that they place, or cause to be placed, autodialed and prerecorded calls to wrong or reassigned cellular telephone numbers.

5.      Upon information and good faith belief, Defendant routinely violates 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse consumers in connection with the collection of debts, in that it continues to place calls to telephone numbers, in connection with its efforts to collect debts in default, after being informed that it is calling a wrong number.

**Jurisdiction**

6.      This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3), 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

7.      Venue is proper before this Court under 28 U.S.C. § 1391(b), as Defendant transacts business in this district, Defendant is headquartered in this district, and as a substantial part of the events giving rise to this action occurred in this district.

**Parties**

8.      Plaintiff is a natural person who at all relevant times resided in Skokie, Illinois.

9.      Through its telephone calls to him, Defendant alleged that Plaintiff was obligated to pay a debt owed or due a creditor other than Defendant.

2

10.     Upon information and good faith belief, Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes (the "Debt").

11.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

12.     Defendant is a company based in Chicago, Illinois.

13.     Defendant is a debt collection agency that is "licensed in all 50 states."[1]

14.     Defendant states that it "is among the leading receivable recovery solution providers in the nation."[2]

15.     On its website, Defendant states:

We are required under state and federal law to notify consumers of the following rights. This list does not contain a complete list of the rights consumers have under state and federal law. This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector. Harris & Harris, Ltd. is a collection agency.[3]

16.     Defendant is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

17.     At the time Defendant attempted to collect the alleged Debt from Plaintiff, the alleged Debt was in default.

18.     Defendant uses instrumentalities of interstate commerce or the mails in a business, the principal purpose of which is the collection of any debts, and/or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

---

[1]     http://www.harriscollect.com/government/ (last visited Aug. 12, 2019)

[2]     http://www.harriscollect.com/healthcare/ (last visited Aug. 12, 2019)

[3]     http://www.harriscollect.com/let-us-call-you/ (last visited Aug. 12, 2019)

19.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

20.     Defendant has a public Utility Commission of Texas Automatic Dial Announcing Device permit, no. 110004, which it last renewed in April 2019.

## Factual Allegations

21.     Plaintiff is the subscriber to and customary user of his cellular telephone number (847) XXX-1554.

22.     Plaintiff pays the monthly bill for his cellular telephone number.

23.     In connection with the collection of the Debt, Defendant placed a host of calls to Plaintiff's cellular telephone number within the past four years, including in 2017 and 2018.

24.     Defendant placed many of its calls to Plaintiff's cellular telephone number from (312) 893-4826.

25.     Upon placing an outbound call to telephone number (312) 893-4826, the person answering the call states, "Thank you for calling Harris & Harris . . . ."

26.     Defendant left prerecorded voice messages on Plaintiff's cellular telephone voicemail.

27.     The prerecorded messages that Defendant left on Plaintiff's voicemail stated:

Hello, this is Harris & Harris, Ltd. We are debt collectors. Please call us at 312-348-1537. Our office is open Monday through Thursday from 8 am to 7 pm central standard time, Friday from 8 am to 5 pm central standard time, and Saturday from 8 am to 12 pm central standard time. Thank you.

28.     Plaintiff answered several of Defendant's calls. During those calls, Defendant asked for a person named Scott Siegal.

29.     Plaintiff is not Scott Siegal, and does not know a person named Scott Siegal.

30.     Plaintiff told Defendant that he is not Scott Siegal, did not know that person, and that Defendant should stop calling him.

31.     Despite informing Defendant that he is not Scott Siegal and does not know Scott Siegal, Defendant continued placing calls to Plaintiff's cellular telephone number.

32.     During 2017-2018, Defendant placed an average of 2-4 calls per week to Plaintiff's cellular telephone number.

33.     Then, starting toward the end of 2018 and continuing through August 2019, Defendant placed numerous calls to Plaintiff's landline telephone number, all for the purpose of attempting to collect a debt alleged to be owed by Scott Siegal.

34.     Defendant left prerecorded voice messages on Plaintiff's landline identical to those prerecorded voice messages it left on his cellular telephone voicemail.

35.     For example, Defendant called Plaintiff's landline on June 5, 2019, June 21, 2019, and July 2, 2019.

36.     Despite having actual knowledge that it was calling the wrong person, Defendant placed numerous calls to Plaintiff's cellular telephone and landline.

37.     Plaintiff does not have, and never had, an account with Defendant.

38.     Plaintiff never provided his cellular telephone number to Defendant.

39.     Plaintiff never provided his landline telephone number to Defendant.

40.     Plaintiff did not owe the alleged Debt or any monies that Defendant was attempting to collect from him.

41.     Upon information and good faith belief, Defendant's records will show each call it placed, or caused to be placed, to Plaintiff's cellular telephone number by using an automatic telephone dialing system or an artificial or prerecorded voice.

42.     Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, including Defendant's use of an artificial or prerecorded voice,

5

Defendant placed its calls to Plaintiff's cellular telephone number by using an automatic telephone dialing system.

43.     Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, including Defendant's use of an artificial or prerecorded voice, Defendant placed its calls to Plaintiff's cellular telephone number by using "equipment which has the capacity—(1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers automatically (even if the system must be turned on or triggered by a person)." *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1053 (9th Cir. 2018).

44.     Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, including Defendant's use of an artificial or prerecorded voice, Defendant placed its calls to Plaintiff's cellular telephone number by using (i) an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a person will be available to take the call, or (ii) equipment that dials numbers and, when certain computer software is attached, also assists persons in predicting when a sales agent will be available to take calls, or (iii) hardware, that when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers, or (iv) hardware, software, or equipment that the FCC characterizes as a predictive dialer through the following declaratory rulings: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 17 FCC Rcd 17459, 17474 (Sept. 18, 2002); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014, 14092-93 (July 3, 2003); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4, 2008).

45.     Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number for non-emergency purposes.

46.     Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number voluntarily.

47.     Upon information and good faith belief, Defendant had knowledge that it was using an automatic telephone dialing system, a predictive dialer, and an artificial or prerecorded voice to place its calls to Plaintiff's cellular telephone number.

48.     Upon information and good faith belief, Defendant intended to use an automatic telephone dialing system and an artificial or prerecorded voice to place its calls to Plaintiff's cellular telephone number.

49.     Plaintiff did not give Defendant prior express consent to place calls to his cellular telephone number by using an automatic telephone dialing system or an artificial or prerecorded voice.

50.     Plaintiff suffered actual harm as a result of Defendant's calls at issue in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

51.     As well, Defendant's calls unnecessarily tied up Plaintiff's cellular telephone line and his landline.

52.     Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an automatic telephone dialing system or an artificial or prerecorded voice to place calls to telephone numbers assigned to a cellular telephone service, absent prior express consent.

53.     Indeed, complaints to the Better Business Bureau about Defendant mirror Plaintiff's situation.

54.     For example, on June 24, 2019, a consumer wrote:

They call CONSTANTLY. Their automated calling system leaves message after message on my machine, telling me to call them back. *I OWE NO ONE ANY MONEY AT ALL.* I finally call them back... aanndd... Surprise! There's a recording that FAKES that it is attempting to contact a rep then says no one available to take the call. They want me to leave a message, so they can call me back. I'm not playing phone tag with anyone. There is no reason to call me. I do not owe anyone any money. STOP CALLING ME.[4]

55.     As another example, on February 23, 2019, a consumer wrote:

i am a 93 year old resident of a nursing home with multiple medical issues who is recovering from traumatic injuries. This is a new number. For some months now, I have been receiving recorded phone messages from Harris and Harris, identifying themselves as debt collectors and instructing me to call them. They call daily, but leave messages only a few times a week. They do not identify who they are calling, who the debtor is, or what the debt is. I do not owe anyone money, nor do I have any past debts. The telephone number they call is mine alone. They are apparently looking for someone else, but they are harassing me. I am reluctant to call them. THEY HAVE THE WRONG PARTY. They disturb my rest , healing and quality of life.[5]

56.     On February 16, 2019, a consumer wrote:

For some months now, I have been receiving recorded phone messages from Harris and Harris, identifying themselves as debt collectors and instructing me to call them. They call daily, but leave messages only a few times a week. They do not identify who they are calling, who the debtor is, or what the debt is. I do not owe anyone money, nor do I have any past debts. The telephone number they call is mine alone. They are apparently looking for someone else, but they are harassing me. I am reluctant to call them, because many years ago I had a similar experience: I called the company to tell them they had the wrong person, and their tactics escalated, until they showed up on my doorstep. I repeat: I have no debts, I owe no one, no debtors live in this house or use this phone number. I need them to stop calling me.[6]

57.     Similarly, on November 20, 2018, a consumer wrote:

I have been receiving harassing phone calls from this company for years. They are not looking for me. I have no financial accounts in poor standing and I never have. I

---

[4]         https://www.bbb.org/us/il/chicago/profile/collections-agencies/harris-harris-ltd-0654-88724008/complaints (last visited Aug. 12, 2019).

[5]     *Id.*

[6]     *Id.*

have had this phone number for 20 years and I live by myself. No one else lives here. I have told them this information numerous times yet they keep calling. I have blocked approximately 20 of their phone numbers but they keep finding a way. I don't know what else to do. Perhaps you can help me.[7]

58.     In response to all four complaints noted above, Defendant acknowledged that it was calling the wrong person based on "very similar demographic information."[8]

## Class Action Allegations

59.     Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following two classes:

**TCPA Class:** All persons throughout the United States (1) to whom Harris & Harris, Ltd. placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to the intended recipient of Harris & Harris, Ltd.'s calls, (3) by using an automatic telephone dialing system or an artificial or prerecorded voice, (4) within the four years preceding the date of this complaint through the date of class certification.

**FDCPA Class:** All persons throughout the United States (1) to whom Harris & Harris, Ltd. placed, or caused to be placed, one or more calls, (2) within the one year preceding the date of this complaint through the date of class certification, (3) and in connection with the collection of a consumer debt, (4) after the called party notified Harris & Harris, Ltd. that it was calling the wrong telephone number.

60.     Excluded from the classes are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

61.     The proposed classes are so numerous that, upon information and belief, joinder of all members is impracticable.

62.     The exact number of members of the classes is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

---

[7]     *Id.*

[8]     *Id.*

63. The proposed classes are ascertainable because they are defined by reference to objective criteria.

64. In addition, and upon information and good faith belief, the cellular telephone numbers of all members of the TCPA Class can be identified in business records maintained by Defendant and third parties.

65. Likewise, and upon information and good faith belief, the telephone numbers of all members of the FDCPA Class can be identified in business records maintained by Defendant and third parties.

66. Plaintiff's claims are typical of the claims of the members of the TCPA Class because all of the class members' claims originate from the same conduct, practice and procedure on the part of Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each class member.

67. Like all members of the proposed TCPA Class, Plaintiff received autodialed and artificial or prerecorded voice calls from Defendant on his cellular telephone, without his consent, in violation of 47 U.S.C. § 227.

68. Plaintiff's claims are typical of the claims of the members of the FDCPA Class because all of the class members' claims originate from the same conduct, practice and procedure on the part of Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each FDCPA Class member.

69. Like all members of the proposed FDCPA Class, Plaintiff received calls from Defendant after he informed Defendant that it was calling the wrong number.

70. Plaintiff will fairly and adequately protect the interests of the members of the classes and has retained counsel experienced and competent in class action litigation.

71.     Plaintiff has no interests that are irrevocably contrary to or in conflict with the members of the classes that he seeks to represent.

72.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

73.     Furthermore, as the damages suffered by individual members of the classes may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the classes to individually redress the wrongs done to them.

74.     There will be little difficulty in the management of this action as a class action.

75.     Issues of law and fact common to the members of the classes predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the classes.

76.     Among the issues of law and fact common to the TCPA Class are:

   a.   Defendant's violations of the TCPA;

   b.   Defendant's use of an automatic telephone dialing system, as defined by the TCPA, to place calls to cellular telephone numbers;

   c.   Defendant's use of an artificial or prerecorded voice in connection with calls to cellular telephone numbers;

   d.   Defendant's practice of calling wrong or reassigned cellular telephone numbers; and

   e.   the availability of statutory damages, including treble damages.

77.     Among the issues of law and fact common to the FDCPA Class are:

   a.   Defendant's violations of the FDCPA;

   b.   Whether Defendant is a debt collector as defined by the FDCPA;

   c.   Defendant's practice of continuing to call persons after being informed that it is calling the wrong number;

11

    d.   the availability of statutory damages; and

    e.   the availability of attorneys' fees and costs.

78.    Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

**Count I**
**Violation of 47 U.S.C. § 227(b)(1)(A)(iii)**
**On Behalf of Plaintiff and the TCPA Class**

79.    Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-78.

80.    Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system to place calls to Plaintiff's cellular telephone number, without his consent.

81.    Defendant separately violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number, without his consent.

82.    As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the TCPA Class are entitled to damages in an amount to be proven at trial.

**Count II**
**Violation of 15 U.S.C. § 1692d**
**On Behalf of Plaintiff and the FDCPA Class**

83.    Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 78.

84.    By continuing to repeatedly call Plaintiff after it was informed it was calling a wrong number, Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt. *See Gilmore v. USCB Corp.*, No. 5:17-CV-119 (MTT), 2017 WL 5230922, at *3 (M.D. Ga. Nov. 9, 2017) ("Moreover, pursuant to § 1692d(5), [a plaintiff] is only required to plead enough facts to

12

show that it is plausible that [the defendant] caused his cellular telephone to ring repeatedly or continuously with the intent to annoy, abuse, or harass. *Twombly*, 550 U.S. at 570. He has. Taking the facts in the light most favorable to [the plaintiff], the Court notes that [the defendant], despite being informed it had the wrong number, has placed more than two calls to [the plaintiff's] cellular telephone number. . . . Thus, the Court concludes that [the plaintiff] has stated a claim for relief under § 1692d that is plausible on its face").

## Trial by Jury

Plaintiff is entitled to, and demands, a trial by jury.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)      Determining that this action is a proper class action;

b)      Designating Plaintiff as the class representative under Federal Rule of Civil Procedure 23;

c)      Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d)      Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(a)(iii);

e)      Enjoining Defendant from continuing to place, or cause to be placed, calls to Plaintiff's cellular telephone number, and from continuing to place calls to the cellular telephone numbers of members of the proposed TCPA Class, without prior express consent;

f)      Awarding Plaintiff and the class damages under 47 U.S.C. § 227(b)(3)(B);

g)      Awarding Plaintiff and the TCPA Class treble damages under 47 U.S.C. § 227(b)(3);

h)      Adjudging and declaring that Defendant violated 15 U.S.C. § 1692d;

i)      Enjoining Defendant from future violations of 15 U.S.C. § 1692d with respect to Plaintiff and the FDCPA Class;

13

j)      Awarding Plaintiff and members of the FDCPA Class statutory damages under 15 U.S.C. § 1692k;

k)      Awarding Plaintiff and the classes reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure and 15 U.S.C. § 1692k;

l)      Awarding Plaintiff and the members of the classes any pre-judgment and post-judgment interest as may be allowed under the law; and

m)      Awarding such other and further relief as the Court may deem just and proper.


Date: August 14, 2019             s/ *Gary M. Klinger*
                                  Gary M. Klinger
                                  **Kozonis & Klinger, Ltd.**
                                  4849 N. Milwaukee Ave., Ste. 300
                                  Chicago, Illinois 60630
                                  Telephone: 312.283.3814
                                  Fax: 773.496.8617
                                  gklinger@kozonislaw.com

                                  Aaron D. Radbil
                                  **Greenwald Davidson Radbil PLLC**
                                  401 Congress Avenue, Suite 1540
                                  Austin, Texas 78701
                                  Telephone: 512.803.1578
                                  Fax: 561.961.5684
                                  aradbil@gdrlawfirm.com

                                  ***Counsel for Plaintiff and the proposed classes***